## LAMSON CONSOLIDATED STORE-SERVICE CO. *v.* SPEIR *et al.*

(*Supreme Court, Special Term, New York County.* January, 1889.)

1. VENUE IN CIVIL CASES—ACTIONS AGAINST PUBLIC OFFICERS.
    Code N. Y. § 983, provides that an action against a public officer, for an act done by virtue of his office, or for omission of a duty incident to his office, shall be tried in the county where the cause of action, or some part thereof, arose. Section 984 provides that other actions must be tried in the county in which one of the parties resided at the commencement thereof. *Held,* that section 983 applies to actions in which the officer is the sole defendant, but that where he is joined with a defendant, residing in another county, the latter has the right, under section 984, to have the case tried in the county in which he resided at the commencement of the action.

2. SAME—OFFICIAL ACTS.
    In an action against a sheriff to restrain the sale of property levied on under execution, the objection to defendant's motion for a change of venue, that the action is not against the sheriff for an act done by virtue of his office, cannot be sustained, where the complaint demands judgment for damages on account of the levy.

At chambers. On motion for change of venue.

Action by the Lamson Consolidated Store-Service Company against Gilbert W. Speir, Jr., receiver, and John H. Hart, sheriff of Albany county, to determine the control of property levied on by the latter to satisfy a judgment against the United States Store-Service Company. The plaintiff in this action had, prior to the levy of the execution, commenced an action against the United States Store-Service Company, pending which Speir had been appointed receiver of their property. The case is now on the motion of the sheriff to change the place of trial to Albany county.

*Charles Donohue,* for plaintiff. *Chase & Delahanty,* for defendants.

ANDREWS, J. The objection is taken on behalf of the plaintiff that this is not an action against the sheriff of Albany county for an act done in virtue of his office, because the principal relief sought is to restrain the sale of the property levied upon. This objection cannot be sustained, because the complaint demands judgment against the sheriff for damages alleged to have been sustained by the plaintiff by reason of the levy. There is, however, another

· objection which seems to me to be fatal to the motion. The action is brought not only against John W. Hart, as sheriff of Albany county, but also against the defendant Speir, as receiver of the United States Store-Service Company, and against that company itself. Said receiver resides and was appointed in New York city, and, under section 984 of the Code, it is his right to have the case remain and be tried here. It does not seem to me that section 983 of the Code [1] applies to a case where a public officer is not the sole defendant, but is sued with other defendants, who reside in a county different from that in which such officer resides. The motion to change the place of trial will be denied, with $10 costs to abide the event.

----

[1] Code Civil Proc. N. Y. § 983, provides that an action against a public officer, or person specially appointed to execute his duties, for an act done in virtue of his office, or for an omission to perform a duty incident to his office, must be tried in the county where the cause of action, or some part thereof, arose.