FLOYD C. SHEPARD and Others, Appellants, *v.* WATSON C. SQUIRE and Another, Respondents.

*Place of trial — the right to a change thereof, on the ground of residence, is absolute — demand made after service of an amended complaint — non-resident defendants.*

An action must be tried in the county in which one of the parties resided at the time of the commencement thereof, and where the summons in an action designated the county of Monroe, in which none of the parties resided, as the place of trial, and two of the plaintiffs resided in the county of Herkimer, the place of trial should be changed from the county of Monroe to the county of Herkimer, upon proper demand, and the fact that the defendants were non-residents of the State does not deny to them the benefit of the statute providing for the change of the place of trial of the action to a proper county.

The right to change the place of trial of an action to the proper county is absolute when the proceedings to accomplish it are duly taken and pursued.

When an amended complaint is served it becomes the only complaint in the action as effectually as if no other had preceded it, and for the purpose of proceedings to require a change of the place of trial the defendants in an action are at liberty to so treat it, and a demand made before answering it for a change of the place of trial to the proper county is effectual to support a motion made in due time thereafter.

APPEAL by the plaintiffs, Floyd C. Shepard and others, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 5th day of December, 1893, granting the defendants' motion to change the place of trial from the county of Monroe to the county of Herkimer.

The action was commenced by the service of the summons May 8, 1893. The complaint was served by mail upon the defendants' attorney June twenty-second and their answer was served July twentieth. Before answering, and on July fifth, a written demand was served that the place of trial be changed from Monroe county, which was that designated in the complaint, to Herkimer county. On July twentieth, with the answer, the defendants' attorney served upon the plaintiffs' attorney another like written demand for change of the place of trial; and on July twenty-first they served affidavits and notice of motion, to be made at Monroe Special Term of July thirty-first for change of the place of trial. The motion was then heard founded upon the first demand, and was denied in September as prematurely made, with leave to renew. Before the decision of the motion, and on August eighteenth, the defendants' attorney served other affidavits and notice of motion to be heard at Monroe Special Term of September eleventh, founded upon the second demand. An amended complaint was served on the defendants' attorney August twenty-fifth, and thereupon, before the time for answering the amended complaint expired, the defendants' attorney served the plaintiffs' attorney with another and like written demand for change of the place of trial, withdrew the second motion so noticed, and served other affidavits and notice of motion founded upon the third demand for Monroe Special Term of October 30, 1893.

The motion was there heard and granted. And from the order made thereon the plaintiffs appeal.

*John Van Voorhis*, for the appellants.

*A. M. Mills*, for the respondents.

BRADLEY, J.:

The defendants were at the time of the commencement of the action and are residents of the State of Washington. The subject of the action is land situated in that State. The plaintiff King is and has for several years been a resident of the State of Minnesota. The place of residence of the other plaintiffs is Ilion in the county of Herkimer, N. Y. This action comes within those to which is applicable the statute which provides that an action " must be tried

in the county in which one of the parties resided at the time of the commencement thereof." (Code Civ. Proc. § 984.) And because none of the parties resided in the county of Monroe, and two of the plaintiffs then resided in the county of Herkimer, the demand for the change to the latter as the proper county was made. .

The defendants' attorney not being served with written consent thereto, gave within due time notice of motion founded upon his third demand for such change of the place of trial.

The fact that the defendants were non-residents of the State does not deny to them the benefit of the statute referred to for the purpose of proceeding in the manner so provided for changing the place of trial to the proper county.

Nor are the words "one of the parties" in section 984 entitled to such construction as to necessarily embrace all the plaintiffs or all the defendants, when they respectively consist of more than one person. In that case each one of the persons is a party plaintiff or defendant, and the import of the language used is, in view of its purpose, the same as if it read that an action must be tried in the county in which one of the persons, who is a party, resided. Although the phraseology of the section differs somewhat from that of section 135 of the prior Code, no material change in its meaning was intended as appears by Throop's notes, and its apparent effect is no different. The right to the change of the place of trial to the proper county is absolute when the proceedings to accomplish it are duly taken and pursued. But it is urged on the part of the plaintiffs that the third demand did not constitute a basis in support of the motion, because it was served before the defendants answered the amended complaint and after the answer to the original complaint. It is conceded that they may have effectually served a demand with the answer to the amended complaint. It may be observed that when it was served the amended one became the only complaint in the action as effectually as if none had preceded it, and for the purpose of proceeding to require and obtain a change of the place of trial the defendants were at liberty to so treat it. The demand made before answering it was, therefore, effectual to support their motion made in due time thereafter.

In *Penniman* v. *F. & W. Co.* (133 N. Y. 442) the demand served with an amended answer to the complaint was held sufficient

basis for a motion like the one in question. That case does not aid the plaintiffs.

Here the amended one was the complaint, within the meaning of the statute referred to, and before answering as well as with it the defendants may properly have demanded the change of the place of trial.

There was no waiver by any proceedings taken prior to the service of this demand of the right of the defendants to proceed upon it. They had before the service of the amended complaint persistently sought to obtain the change. It is difficult to see that one such demand would be waived by another of like character preceding or following it.

In the present case the proceeding was instituted by a demand permitted and authorized by the service of the amended complaint, and the motion was properly granted.

The order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order granting motion to change place of trial appealed from affirmed, with ten dollars costs and disbursements.