MOORE et al. v. MOORE.

(Supreme Court, Appellate Division, Third Department. January 7, 1910.)

On motion for reargument. Denied.

For former opinion, see 119 N. Y. Supp. 108.

PER CURIAM. This motion is based on a misconception of our former decision. We held that the conclusion of the referee that the deed was an absolute conveyance was against the clear weight of evidence, and that the plaintiffs were entitled to an unqualified reversal of the judgment. They were willing, however, that the deed might stand as security, and, while expressly refraining from requiring such a disposition of the case, we permitted the defendant to consent thereto, if he preferred such a disposition to a reversal of the judgment. That permission was for his benefit, and his unwillingness to give such consent does not affect the plaintiffs' right to a reversal of the judgment for the reasons stated in the opinion.

The motion for a reargument is therefore denied.

---

O'HARE v. O'ROURKE ENGINEERING CONST. CO.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. MASTER AND SERVANT (§ 233*)—CONTRIBUTORY NEGLIGENCE—GOING INTO UNSAFE PLACE.

An employé who voluntarily places himself in a dangerous position, where he was not required to be in the performance of his work, cannot recover for injuries caused by such unsafe position.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 702, 703; Dec. Dig. § 233.*]

2. MASTER AND SERVANT (§ 281*)—INJURIES—ACTIONS—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In a servant's action for injuries by having his hand caught in a cable while attempting to prevent himself from being thrown from a hoist platform because of the vibration of the platform when the hoist machinery was set in motion, evidence *held* to show that plaintiff voluntarily placed himself in a position on the platform not intended for employés, so as to cause his injuries without defendant's negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 281.*]

Appeal from Trial Term, New York County.

Action by Owen O'Hare against the O'Rourke Engineering Construction Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and LAUGHLIN, CLARKE, INGRAHAM, and SCOTT, JJ.

Bertrand L. Pettigrew, for appellant.

M. L. Malevinsky, for respondent.

INGRAHAM, J. The action was brought to recover for personal injuries; the plaintiff being an engineer employed by the defendant to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

operate an electrical hoist. The complaint alleges that the plaintiff while engaged in the course of his duties upon a platform used by the defendant was, by reason of the said platform being set in motion and by reason of the violent jarring and vibration of said platform while in motion, forced or thrown against one of the posts or uprights, and, in endeavoring to save himself from falling from said platform, his hand became caught in a cable, and was drawn into a drum, inflicting upon him severe and lasting injuries; that the accident was caused by the negligence of the defendant in failing to provide a platform of sufficient width for the plaintiff to safely stand and work upon, and in allowing and permitting certain posts or uprights to be erected and maintained in close and dangerous proximity, and in failing to provide for the plaintiff a safe place in which to work and proper, adequate, and sufficient guards, rails, and protective devices for the protection of the plaintiff while in the performance of his duty. Notice was served under the employer's liability act (chapter 600, p. 1748, Laws 1902). The plaintiff testified that on April 30, 1907, he was working for the defendant in constructing a building; that at that time the defendants were sinking the caissons for the foundation; that plaintiff had been working there about three months altogether, and that as the work progressed the position of these hoists was changed from place to place; that the hoists were placed on a platform upon which the engineer stood in operating the machine; that at 11 o'clock at night plaintiff was to relieve another engineer whose time of service then expired; that plaintiff had worked on this particular machine three or four nights before, and there were other machines of like character being operated in constructing the same building; that while the plaintiff was at work he had to stand by the machines and pull levers and watch every signal to work the machines; that just before 11 o'clock, when he went to relieve the other engineer, he jumped up upon this platform and stood watching the other engineer working the machine; that while he was standing there the other engineer got a signal to elevate a bucket of concrete, and in so doing the plaintiff was thrown over against the drum. This platform upon which the plaintiff stood revolved as the concrete was hoisted. There was no regulation by which the plaintiff was required to place himself in this position and stand on the moving platform behind the engineer who was operating the machine.

The evidence is uncontradicted that the accident was caused by reason of the plaintiff placing himself in a position in which he was not required nor expected to place himself. So far as appears, the machine was perfectly safe for the employés who were required to operate it. A person voluntarily placing himself in a position of danger which was not provided for him, and where he was not required in the performance of his work, could not complain because the place that he thus voluntarily occupied was unsafe. The plaintiff testified that in operating that hoist nobody's duties called him on that platform except the engineer and the signal man. There was a temporary bench for the engineer who operated the hoist, and on that bench he was not in danger. The platforms were made as large as they could be and fit in between the uprights. The plaintiff stated that, if he had happened to

notice the upright, he would not have stood where he would have been. hit; that he did not dream of its being so close; that he had often stood upon this platform, but had never been hit by an upright before; that before when he stood there he stood where he did not get hit. A witness called by the plaintiff who saw the accident testified that there was no occasion for any one to get on the engine platform, except the engineer and the signal man, and that the relieving engineer could just as well remain off the platform until it was time for him to go to work.

I think there was no evidence to show that this machine was not a proper one for the use to which it was put; that it provided a perfectly safe and proper place for the engineer; that the plaintiff voluntarily placed himself in a position not intended for an employé of the defendant, and the fact that he was injured in that position was not due to any negligence of the defendant.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.