EDWIN M. BULKLEY and Others, a Limited Copartnership Doing Business under the Firm Name of SPENCER TRASK & Co., Plaintiffs, v. JOSEPH T. O'DONNELL, Defendant.

Supreme Court, Albany County, April 17, 1933.

*Joseph Besch, Jr.,* for the plaintiffs.

*Thomas W. McDonald,* for the defendant.

ALEXANDER, J. Defendant presents a novel question by a motion to change the place of trial from Albany county to Essex county. It is claimed that neither of the parties resides in Albany county

and defendant's motion is based upon his right to have the action tried in a proper county.

The action is brought to recover moneys due for stock purchased by plaintiffs for defendant's account. The place of trial is, therefore governed by section 182 of the Civil Practice Act. Defendant is a resident of Essex county. Plaintiffs are a limited partnership having fifteen partners, one of whom, J. Graham Parsons, resides in the county of Albany. The residences of the others are not disclosed but for the purpose of this motion it may be assumed they are not residents of Albany county. They are engaged in business as stock-brokers and the partnership certificate fixes the principal place of business as No. 25 Broad street in the borough of Manhattan, county and State of New York. They maintain branch offices at Albany, Glens Falls and elsewhere. The transactions involved in this action originated in the Glens Falls office of plaintiffs and the stock was purchased through the Albany office. The question for determination is whether the partnership as such has a residence distinct from the residences of the partners. If it has the action is improperly brought in Albany county. I find no authoritative determination cf the question by the courts of this State and counsel cite none. Under section 91 of the Partnership Law a certificate of the formation of a limited partnership must state the location of the principal place of business. In compliance with this provision the certificate in the case of these plaintiffs fixes New York county as such place of business. Is that the residence of the partnership within the meaning of section 182 of the Civil Practice Act? I do not think so. A partnership is a voluntary association of two or more persons for the conduct of a business. It is not a legal entity separate and distinct from its members like a corporation. The term partnership is indicative of the relation of the members; it has no existence apart from them. It may sue or be sued only through the members composing it. They are individually liable for its obligations. This plaintiff partnership has no existence apart from the specific persons named in the certificate required by law to be filed. Spencer Trask & Co. is but a name under which these fifteen individual plaintiffs jointly conduct their business. If they were so united in interest, though not a partnership, as to make them proper parties, would they not be entitled to sue and might they not be sued in any county in which one or more of them resided? I think an affirmative answer is sustained by authority. (*Shepard* v. *Squire*, 76 Hun, 598; *Rathbun* v. *Brownell*, 43 Misc. 307; *Forehand* v. *Collins*, 1 Hun, 316; *Lamson Consolidated Store-Service Co.* v. *Speir*, 6 N. Y. Supp. 577.) By analogy, therefore, it seems to me that in so far as the question here involved is concerned a like result must follow.

The motion is denied.