ALEX HARDISON, Appellant, and EVA AUSTIN, Plaintiff, v. PERLES BYRD and ANTHONY W. BISSICK, Respondents.— Order dated June 30, 1937, granting reargument and on said reargument denying motion for a preference of the trial of the action on the ground of destitution reversed on the law and the facts, with ten dollars costs and disbursements and motion granted, without costs. The showing of the appellant's destitution was reinforced by the fact that he is on home relief and, therefore, a public charge. This latter element required the granting of the motion. (*Howard* v. *Staten Island Coach Co., Inc.*, 247 App. Div. 903; *Matarozzo* v. *Ehrbar, Inc.*, Id. 904.) Appeal from order dated August 3, 1937, dismissed, without costs. Carswell, Davis, Adel and Taylor, JJ., concur; Hagarty, J., concurs in result.

In the Matter of the Application of ARCHIE J. BROOKS, Appellant, for a Mandamus Order against ARTHUR J. KREUTZER, Supervisor of the Town of Huntington, Suffolk County, New York, and JOHN C. TOAZ, JOHN J. KING, JOSEPH CERMAK and RICHARD A. GRAF, Justices of the Peace of the Town of Huntington, All Constituting the Town Board of the Town of Huntington, Suffolk County, New York, Respondents.— Petitioner applied for a peremptory mandamus order requiring the town board of the town of Huntington, Suffolk county, to reinstate him to the position of special policeman. Order denying the issuance of a mandamus order unanimously affirmed as a matter of law and not in the exercise of discretion, without costs. No opinion. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ.

In the Matter of the Application of WILLIAM E. HENTHORNE, Appellant, against HARRY G. KIMBALL, FREDERICK L. DEVEREUX, CLARENCE FRANCIS, JOSEPH R. BARR and H. STANLEY JUDD, Being Mayor and Trustees Constituting the Village Board of the Village of Bronxville, Westchester County, New York, and the Said H. STANLEY JUDD, as Police Commissioner of the Said Village, and JERRY C. LEARY, Clerk of Said Village, Respondents.— Order vacating order of certiorari reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In so far as article 78 of the Civil Practice Act and chapter 103 of the Laws of 1936 are in conflict with respect to the appellant's right to commence a certiorari proceeding, the provisions of the latter statute are operative. While section 8 of chapter 103 of the Laws of 1936 permits the appellant to make application for a rehearing within twelve months after dismissal, the following section limits his time within which to seek review by certiorari to "within sixty days after the conviction." In our opinion, therefore, subdivision 3 of section 1286 of the Civil Practice Act does not contemplate the postponement for more than one year of the right of petitioner to commence a certiorari proceeding. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.