THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN CALLAGHAN and Others, as Trustees of ALLIED OWNERS CORPORATION under Section 77B of the Bankruptcy Act, Respondents, v. WILLIAM STANLEY MILLER, as President of the Board of Taxes and Assessments in the City of New York, and BYRON R. NEWTON and Others, as Commissioners and Members, and Constituting the Board of Taxes and Assessments in the City of New York, Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.

FRANK J. QUAYLE, JR., Respondent, v. THE CITY OF NEW YORK, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.

JOHN J. ROE, Appellant, v. MUIR C. SMYTH and Others, Respondents.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals granted. [See 252 App. Div. 609.] The following question is certified: Should defendants' motion to dismiss the complaint have been granted? Motion for stay granted and defendants' time to answer extended pending the taking of the appeal to the Court of Appeals. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.

SCARBOROUGH PROPERTIES CORPORATION, Respondent, v. THE VILLAGE OF BRIARCLIFF MANOR, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.

SOLOMON SNITOW, Appellant, v. CENTRAL COAL COMPANY, INC., Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.

MARTHA BRENNAN, as Administratrix, etc., of PATRICK J. BRENNAN, Deceased, Appellant, v. HARRY L. POWELL, JR., Respondent.— In an action to recover for death by alleged wrongful act, order, so far as it denies plaintiff's motion for a trial preference on the ground of destitution, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The facts establishing plaintiff's destitution are not challenged. At the time the application for a preference was made, she and her four children were on home relief. If she were to apply for a widow's pension, it would have to be on the ground she was destitute, and the fact that she might do so would not change her status from that of a public charge. Sound legal discretion under the circumstances, which disclose plaintiff to be a public charge, required the granting of this motion under settled authorities. (Hardison v. Byrd, 252 App. Div. 758 [2d Dept.], decided Oct. 8, 1937, and cases therein cited.) Hagarty, Carswell, Davis, Adel and Close, JJ., concur.