KATHERINE WUNSCH, as Administratrix, etc., of LOUIS WUNSCH, Deceased, Respondent, v. COLONIAL SAND & STONE Co., INC., Appellant.— Action to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence of the defendant in its operation of a truck towing a stone spreader, upon which spreader the decedent was riding by standing upon one of its flanges. The spreader, in part, was approximately one-half inch above the ground level. The spreader came in contact with a manhole cover approximately one inch above the level of the ground, resulting in a jar which dislodged the decedent, causing injuries resulting in his death. Judgment for plaintiff reversed on the law, with costs, and complaint dismissed, with costs. The defendant was under no duty or obligation to exercise care with respect to the decedent as it had not consented to transport him, and the knowledge or acquiescence of its truck driver to his presence upon an apparatus obviously not designed for human transportation was not binding upon the defendant. (*Morris* v. *Brown*, 111 N. Y. 318; *Rolfe* v. *Hewitt*, 227 id. 486; *McDonough* v. *Pelham Hod Elevating Co.*, 111 App. Div. 585; *Anderson* v. *International Mercantile Marine Co.*, 238 id. 509.) In any event, there was no proof of negligence on the part of the driver. It is undisputed that he was proceeding slowly at the time of the accident and on the right side of the road. The jars or jerks which might be sustained by coming in contact with objects in the highway protruding, as in this case, no more than one or two inches above the level of the ground, taking into consideration the fact that there was an incline, constituted risks voluntarily assumed by the decedent. (Restatement of the Law of Torts, § 466; *Downes* v. *Elmira Bridge Co.*, 179 N. Y. 136, 142; *O'Hare* v. *O'Rourke Engineering Construction Co.*, 135 App. Div. 348, 350; *Lumsdem* v. *Thompson Scenic Railway Co.*, 130 id. 209.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

## (May 29, 1939.)

In the Matter of the WESTCHESTER COUNTY BAR ASSOCIATION with Respect to ANTHONY W. MAZZARELLA, an Attorney, Respondent.— Respondent has dealt falsely with his clients and seriously failed in his duty to the court. Despite his frankness, the court is constrained to direct his disbarment. Respondent disbarred and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

ROSE AUCHELLO, Appellant, v. BROOKLYN BUS CORPORATION, Respondent. — Order denying a preference to the plaintiff in a tort action reversed on the law and the facts, with ten dollars costs and disbursements, the motion granted, and the case set down for trial five days after the entry of the order hereon. The denial of the motion was an improvident exercise of discretion. The plaintiff is a public charge. Before entry in the hospital she was on home relief. The showing of destitution is complete. Under such circumstances the rule is well settled that a preference must be granted. (*Hardison* v. *Byrd*, 252 App. Div. 758, and cases cited.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.