MILDRED H. SMITH et al., Plaintiffs, *v.* GEORGE G. SPENCER, Defendant.

DE WITT V. SMITH et al., Plaintiffs, *v.* GEORGE G. SPENCER, Defendant.

Supreme Court, Monroe County, December 10, 1943.

*James M. Ryan* for defendant.
*Webster, Lamb & Webster* for plaintiffs.

GILBERT, J. This is a motion by the defendant for a change of venue from Monroe to Yates County, addressed to two actions arising out of an automobile accident occurring in Yates County. In one action the driver of the first car, a resident of Monroe County, unites with two nonresident passengers of said car against one Spencer, the owner and operator of the second car and a resident of Yates County. In the other action, an occupant of the first car, a resident of Monroe County, unites with a nonresident passenger of said car against the said Spencer. The driver of the first car and the two passenger plaintiffs, united with her, bring actions for personal injuries allegedly received by reason of the negligent operation by the defendant Spencer of his car. In the second action, the passenger plaintiffs bring actions for personal injuries to themselves and for loss of service of their respective wives, and the nonresident passenger for property damage to his car, against the defendant Spencer.

The complaint in each action alleges that one of the plaintiffs is a resident of Monroe County and the action is brought in Monroe County. The plaintiffs contend that the actions are properly united, and that since one of the plaintiffs in each action is a resident of Monroe County, the venue is properly laid.

The defendant contends that, since three of the plaintiffs are nonresidents, the defendant is entitled to have the venue of the actions, brought by the nonresidents, changed from Monroe to Yates County as a matter of right, it being the county where the defendant resides.

Section 187 of the Civil Practice Act specifically states the cases in which the court, by order, may change the place of trial of an action. Section 182 of the Civil Practice Act provides that actions in the Supreme Court must be tried in the county in which " one of the parties resided ". The two sections are interrelated and must be read together. (See *Ackerman* v. *Cummiskey*, 236 App. Div. 519.) It seems that the words " one of the parties ", used in said section 182 of the Civil Practice Act, are not entitled to a construction that will necessarily embrace all the plaintiffs or all the defendants, when they respectively consist of more than one person. (See *Shepard* v. *Squire*, 76 Hun 598; *Bulkley* v. *O'Donnell*, 148 Misc. 186, affd. 240 App. Div. 929.) The resident plaintiffs could properly commence their actions in Monroe County, the place of their residence. (Civ. Prac. Act, § 182; *Solberg* v. *Ft. Orange Constr. Co.*, 142 N. Y. S. 228.)

The question is, therefore, whether a plaintiff who is entitled to bring his action in the county of his residence, is deprived of that right solely by reason of the joinder with him of non-resident plaintiffs. Subdivisions 2 and 3 of section 187 are not to be considered on this motion as no facts are presented to bring the case within the provisions of said subdivisions. Defendant is moving the court as a matter of right based upon subdivision 1 of said section.

Section 209 of the Civil Practice Act provides for the joinder of plaintiffs. No distinction is made therein between residents and nonresidents. It seems the plaintiffs may properly join in these actions. (*Akely* v. *Kinnicutt*, 238 N. Y. 466.) Where a plaintiff in a negligence action lays the venue in a county of which he is not a resident, the defendant is entitled, as a matter of right, to have the venue changed to the county of his residence. (*Levey* v. *Payne*, 200 App. Div. 30, and cases cited therein.) Where one of the plaintiffs is a resident of the county in which the venue is laid, the provisions of section 182 of the Civil Practice Act are complied with and if, as in these cases, the other plaintiffs are nonresidents or residents of other counties, but are properly joined as plaintiffs, no rule or precedent gives to the defendant, as a matter of right, the privilege of changing the venue of the action to the county of his residence for the reason that nonresidents are joined with residents as parties plaintiff.

A somewhat similar situation arises under the provisions of the Civil Practice Act in relation to giving security for costs (Civ. Prac. Act, § 1522). Where the plaintiff is a nonresident, the defendant may require security for costs. However, if there are several plaintiffs, security for costs may not be required unless all plaintiffs are nonresidents. (*Salimoff & Co.* v. *Standard Oil Co.*, 259 N. Y. 219; Civ. Prac. Act, § 1522, subd. 8.)

The defendant is not entitled to a change of venue in these actions from the County of Monroe to the County of Yates as a matter of right. Motion denied with ten dollars costs.