LEONARD S. WEGMAN et al., Individually and as Copartners Doing Business under the Name of LEONARD S. WEGMAN & Co., Plaintiffs, *v.* REPUBLIC CAMERA CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, October 21, 1947.

514

*Richard J. Burke* for plaintiffs.

*John Wilson Hood* for defendant.

McNally, J. Motion to advance cause under Trial Term Rule V of the New York County Supreme Court Rules. At the time the cause of action herein arose, the plaintiff copartnership was and still is located in the county of New York, having its sole and principal place of business at 9 East 45th Street, in the borough of Manhattan. At the time the cause of action arose, the defendant was and still is a resident of the county of New York, being a domestic corporation having its principal office and place of business at 45 West 45th Street, in the borough of Manhattan. The contract in suit was made between the parties in the county of New York and the breach

thereof by defendant allegedly occurred in the county of New York. The members of the plaintiff copartnership reside in Nassau and Kings Counties, respectively.

The question arises as to whether or not a preference should be granted under rule V in a case of this kind, where neither of the copartners resides in the county of New York. Trial Term Rule V is a rule designed to grant preferences to actions of a commercial nature which are properly brought in New York County. The rule is worded so as to appear to be intended to apply to a person who is an individual plaintiff and who resides in New York County, but it should be construed liberally so as to carry out its actual purpose. (*Clark* v. *Naugle*, N. Y. L. J., Oct. 16, 1935, p. 1307, col. 4.) Preferences thereunder are regularly granted to a domestic-corporation plaintiff if its principal place of business was and is located in New York County, and to a foreign corporation whose principal place of business within the State of New York is in the county of New York. (*Continental Grain Co., Inc.*, v. *Christie*, 259 App. Div. 126 [1st Dept.].) In that case is found the following language (p. 127), speaking of preferences under rule V: " It was not the intention to withhold a preference from a plaintiff such as the plaintiff herein which maintains its principal place of business in the State within the county of New York, maintains offices there with numerous employees, pays rent and taxes, and has there its headquarters for many of its substantial activities.''

The entire transaction involved in the present action is a New York County transaction, and New York County is the appropriate and reasonable county in which it should be brought. It involves a commercial transaction between a copartnership plaintiff and a corporate defendant, both of whom have their residence as commercial entities in New York County. The contract in suit was made in New York County and the breach thereof occurred in New York County. The subject matter of the action is alien to both Nassau and Kings Counties, even though the members of plaintiff copartnership have their personal residences there. It is clear that the action comes within the intention of Trial Term Rule V to prefer for trial commercial actions which are local to New York County and are properly brought there.

*Jenkins* v. *Stern* (N. Y. L. J., May 16, 1935, p. 2533, col. 6) does not hold otherwise. In that case the important factors in the court's views were that the case was a proper type of contract action, that the plaintiff copartnership had its office or residence as a business entity in New York County, and that

the services which were the subject of the action were performed in New York County. Since rule V does not expressly provide for the case of a plaintiff copartnership, but obviously is intended to apply, the court reasoned in the *Jenkins* case (*supra*) that under the circumstances of that case the nonresidence in New York County of one of the copartners should not defeat the right of the plaintiff copartnership to a preference under the rule. The basis of the copartnership's right to the preference was not that one of the copartners had his personal residence in New York County, but was, rather, the business residence of the plaintiff copartnership in New York County, the nature of the action and its local character.

*Buckley* v. *O'Donnell* (148 Misc. 186, affd. 240 App. Div. 929 [3d Dept.]) avails the defendant nothing. That case involved a question of venue and its holding is merely that when one member of a copartnership has its principal residence in Albany County, the venue in a copartnership action may properly be laid there and the defendant cannot compel a change of venue to another county. The force of the *Buckley* case (*supra*) as used by the defendant by way of analogy must be viewed in the light of subsequent developments. In that case it was held, referring to a partnership, that " It may sue or be sued only through the members composing it ", and, further, that a partnership, as such, has no residence distinct from the residences of the partners.

Some twelve years after that decision the Legislature enacted section 222-a of the Civil Practice Act (L. 1945, ch. 842), and a partnership may now sue or be sued in the partnership name rather than in that of the individual partners. Also, as pointed out in the study of this amendment in the Eleventh Annual Report of the Judicial Council of the State of New York (1935, pp. 223, 225, n. 6, referring to New York Partnership Law, § 12, subd. 3), the Legislature has provided that title to real property may properly be taken in the name of a partnership, although this was impossible under the common law and its technical theory of the partnership entity. The Second Report of the Judicial Council (1936, p. 17), refers to rule V in substantially the following language: "Rule V of the New York County Supreme Court Trial Term Rules, was rescinded and a new Rule V adopted * * * by the justices of the Appellate Division of the First Department to give preference to commercial actions upon * * * giving the adversary thirty days notice." Probably more businesses are carried on in partnership form in New York County than in any other county in the

State or, for that matter, in the Nation. These partnerships are engaged in manifold commercial and business activities. The outgrowth of some of those transactions is bound to be litigation in our court. In the main, these matters are peculiarly indigenous to New York County, the commercial center of the world.

The framers of rule V undoubtedly meant that such causes should have a preference. Litigants and the clerk of Trial Term, Part II, who is charged with the responsibility of advancing these cases under rule V in the first instance, are entitled to have a judicial interpretation of the rights to a preference of the parties in such cases and, in the absence of any controlling decision of an appellate court, logic and common sense ordain that the application should be granted. The granting of preferences is purely procedural. The common-law theory of the nature of a partnership should not be the deciding factor. The practical intention and purpose of Trial Term Rule V in principle calls for the granting of the requested preference.

Accordingly, the motion is granted, and the cause is advanced and placed upon the numbered ready jury calendar for November 21, 1947.