BECKY SILVERBERG, Plaintiff, *v.* VINCENT A. MANZO, Defendant.

Supreme Court, Trial Term, Kings County, September 24, 1948.

*Emil Katzka* for plaintiff. ·

*Konheim, Halpern & Wolf* for defendant.

HALLINAN, J.  The plaintiff, in an action to recover damages for personal injuries claimed to have been sustained as a result of an automobile accident, moves for a preference, pursuant to rule 151 of the Rules of Civil Practice.  She is a widow seventy-eight years of age, wholly dependent upon the goodness of her friends and neighbors.  She has no money or means of support whatsoever, other than an allowance from the department of welfare of the city of New York for old-age assistance.  Her physician states that she suffers from a heart condition, arterio-sclerosis, nervousness and is generally in very poor health physically, subject to heart attacks due to her advanced age.

The defendant opposes this application.  While he concedes that preferences are granted where plaintiffs are on home relief, he urges that old-age assistance is not the same as home relief, contending, in effect, that such assistance is based solely on old age.

Aside from the fact that the plaintiff is entitled to a preference solely because of her physical condition and advanced age (*Hyman* v. *National Transp. Co.*, 260 App. Div. 869), she is entitled thereto also on the basis of the old-age assistance which she is receiving from the welfare agency.  Such assistance renders her a public charge no less than would home relief (*Hardison* v. *Byrd*, 252 App. Div. 758).  Title 6 of article 5 of the Social Welfare Law of the State of New York deals with old-age assistance.  The introductory section (§ 207, subd. 1) states, in part, as follows: " Assistance of aged persons who are in *need* is hereby declared to be a special matter of state concern and a necessity in promoting the public health and welfare."  (Italics supplied.)  Section 210 prescribes the requirements for old-age assistance, among which are the age requirement of sixty-five years, and that the applicant " is unable to support himself, either in whole or in part, has no legally responsible relatives able and willing to support him and is without other means or sources of income by which he can be maintained ".

It seems clear, from the foregoing, that old-age assistance is not granted merely because a person reaches a certain age, but because such person is also destitute.  Just as need is the condition for receiving home relief or a widow's pension, so is it the condition for receiving old-age assistance.  The receipt of such assistance by the plaintiff no more changes her status

as a public charge than would the receipt of a widow's pension (*Brennan* v. *Powell*, 253 App. Div. 814).

The motion is, accordingly, granted, but the cause is placed on the reserve calendar of October 18, 1948, to permit the defendant to enforce his demand for a bill of particulars and to obtain a physical examination.

Submit order.