ELIA MORALES, an Infant, by BENJAMIN MORALES, His Guardian ad Litem, et al., Plaintiffs, *v.* ROSALT TAXI CORP. et al., Defendants.

Supreme Court, Trial Term, Bronx County, September 19, 1955.

*Gussie Kleiman, Jerome Golenbock* and *Harvey B. Nachman* for plaintiffs.

*Alexander Kosloff* and *Jacob J. Millman* for Rosalt Taxi Corp., defendant.

*Bernard J. McGlinn* for Salvatore La Motta, defendant.

MATTHEW M. LEVY, J. The plaintiffs move for a preference pursuant to rule 151 of the Rules of Civil Practice. The accident to the plaintiffs, pedestrians, occurred on April 10, 1955, as the

result of the alleged negligence of the defendants, one of which is the owner of a taxicab and the other of a colliding motor vehicle.

The infant plaintiff was confined to the hospital until June 6th, and the adult plaintiff until May 2, 1955. Both plaintiffs have been more or less confined to home since. The adult plaintiff, who is the father of the infant plaintiff, has been unable to work since the accident, and now receives public assistance from the department of welfare. That — as a result of the accident — he is destitute and on relief would, in line with authoritative decisions, clearly warrant the court in directing a prompt trial (see cases collected in Prashker, New York Practice, 3d ed., pages 661–663, footnotes). Objection is made, however, that the amount of relief moneys this plaintiff now receives matches or exceeds his working wages, and therefore he is not entitled to a preference. The objection is overruled. The public interest requires that welfare recipients be removed from relief rolls as soon as reasonably possible.

The motion is granted, and the cause is placed on the ready day calendar for November 2, 1955. A copy of this order with notice of entry is to be served upon the defendants and the calendar clerk within ten days from the date of publication.