Murray T. Feiden, J.
Plaintiff moves for a reargument of the denial of his application for a special preference. Contrary to plaintiff’s contention, the original decision clearly indicates that the plaintiff’s home relief status was considered.
The accident occurred June 17, 1961, issue was joined August 2, 1961, and the case noticed for the January 1962 Term of this court. The plaintiff has been on home relief since January 13, 1961. Plaintiff’s attorneys have not yet satisfactorily explained what seems to be an inexcusable delay of more than two years in moving for a preference. Furthermore, other than a bare allegation as to the type of accident, there has been no statement of facts sufficient to constitute an affidavit of merits. The aforesaid unsatisfactory explanation of the delay and failure to present a proper affidavit of merits, standing alone, would be sufficient to deny the application (Meyers v. City of New York, 7 A D 2d 903).
However, the movant’s contention that plaintiff’s status as a public charge entitles him to a special preference even though such status antedates the accident and is not causally connected therewith, warrants discussion because such contention is based on a memorandum decision which has led to some confusion and requires clarification. The movant relies on the case of Auchello v. Brooklyn Bus Corp. (257 App. Div. 857). That case contains the following statement: “ The plaintiff is a public charge. Before entry in the hospital she was on home relief. The showing of destitution is complete.” This statement is easily misconstrued unless recourse is had to the record on appeal. A reading of the record on appeal discloses that it was undisputed that the plaintiff, a widow over 70 years of age, and badly crippled for life as a result of the accident, had been on home relief prior to the accident but that said relief was suspended *1011 when and because she was admitted to the Brooklyn State Hospital where she would have to remain for the rest of her life. It thus appears that the court in that case was confronted with the unusual situation where a plaintiff was receiving home relief before the accident but was deprived of said relief because of the accident, thereby making her completely destitute. Examined within the framework of the record on appeal, the language of the decision is no authority for the contention that where plaintiffs are public charges they must be granted a special preference even though they were on home relief prior to the accident.
The record on appeal in Hardison v. Byrd (252 App. Div. 758), relied on in the Auchello case, discloses that the plaintiffs were not on home relief prior to the accident. The other cases cited in the instant motion have been consistently construed as restricted in application to cases where the public relief arises out of or is in some way connected with the accident.
The Auchello and Hardison cases are not applicable to the facts of the instant case (Lombardo v. Shapiro, N. Y. L. J., Nov. 6, 1953, p. 1018, col. 6 [Hart, J.]).
There is ample authority that where a plaintiff was on home relief prior to the accident he is not entitled to a special preference on the ground that he is a public charge. Thus, in Droster v. Madrid (1 A D 2d 835) and Guisenfitter v. City of New York (284 App. Div. 899), where denials of preferences were affirmed, the records on appeal show that the basis of such denials was plaintiff’s status as a public charge prior to the accident. (To the same effect, see Emery v. Lewis, N. Y. L. J., Nov. 19, 1959, p. 13, col. 8 [Brown, J.] ; Wunderlich v. Lyons, N. Y. L. J., April 19,1960, p. 13, col. 1 [Brenner, J.]; Simms v. Gahan, N. Y. L. J., May 6, 1954, p. 14, col. 3 [Stoddart, J.]; Supriano v. Vogel, N. Y. L. J., Jan. 21, 1939, p. 332, col. 2 [Wenzel, J.]; Gregson v. Roth, N. Y. L. J., Dec. 10, 1938, p. 2079, col. 7 [Wenzel, J.]; Owens v. Thomas, N. Y. L. J., Nov. 16, 1961, p. 16, col. 2 [Feiden, J.].)
In the leading case of Dodumoff v. Lyons (4 A D 2d 626, 628) the court states that the plaintiff’s debt to public agencies is material but the reference is to a debt “ arising out of the injuries sustained in the accident ”.
To grant a preference to every recipient of home relief without regard to causal relationship to the accident would be unfair to those citizens who make public relief possible and who would be compelled to wait indefinitely for disposition of their own litigation, having in mind the great number of people who are presently on home relief and litigants in our court.
*1012 The above authorities apply a fortiori in the instant case because of the fact that the injured plaintiff is only an infant approximately 10 years old so that a money recovery would have to be deposited in a bank subject to the further order of the court. The recovery would not be available for the support of the infant or the infant’s family. Under these circumstances, it certainly would be an abuse of discretion for this court to grant a preference. (Emery v. Lewis, supra; Simms v. Gahan, supra.) The rationale in granting special preferences to recipients of home relief is to remove them from the relief rolls, thus lessening the burden of the city (Morales v. Rosalt Taxi Corp., 208 Misc. 967). This motivation is not present in the instant case.
Motion for reargument granted and upon such reargument the court adheres to its decision.