Bernard Tomson, J.
In this commercial action a motion is made for a preference pursuant to rule 11 of the Nassau County District Court Rules.
The thrust of the defendant’s objection is that the notice of motion was not served until six months after the notice of trial.
Rule 11 provides:
“ (b) The court in its discretion may also grant a preference in an action of a commercial nature * * *
“ (c) A motion for a preference under this Rule shall be made in accordance with Rule 3403(b) of the CPLR, the note of issue therein referred to being deemed a reference to a notice of trial. ’ ’
CPLR 3403 (subd. [b]) reads: “Obtaining preference. Unless the court otherwise orders, notice of a motion for preference shall be served with the note of issue by the party serving the note of issue, or ten days after such service by any other party.”
There is therefore an express requirement that the notice of motion for a preference shall be served with a notice of trial or within 10 days thereafter by a party upon whom the notice of trial is served, unless otherwise ordered by the court.
Under similar rules where the application was not timely made in accordance with the prescription of the rule or statute, the *380 cases seemed to require an explanation for the delay before the discretion of the court may be exercised in favor of a preference. (Cf. Meyers v. City of New York, 7 A D 2d 903; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3403.18.)
It should be pointed out, however, that the disposition of actions involving commercial transactions should be facilitated and the rule so providing should be liberally construed to accomplish its purpose. (See Antoni Ravioli & Baking Co. v. Freeze Foods, 1 A D 2d 953; cf. Marquardt v. McLean, 23 Misc 2d 998; Wegman v. Republic Camera Corp., 190 Misc. 513; Nazario v. Martha Cab Corp., 41 Misc 2d 1010; Hanley v. Byrne Bros., 155 N. Y. S. 2d 607, affd. 2 A D 2d 873.) Therefore, the motion will be denied without prejudice to its renewal upon proper papers.