■ In the Matter of MARTIN L. HEALY, Appellant, v VILLAGE OF COOPERSTOWN et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 24, 1978 in Otsego County, which dismissed, upon an objection in point of law, petitioner's application in a proceeding pursuant to CPLR article 78, seeking to review a determination made by respondents dismissing petitioner from his position as Cooperstown Chief of Police. The judgment should be affirmed. Special Term properly dismissed the petition as untimely. Petitioner was found guilty on 11 of 15 charges of neglect and dereliction of duty. He commenced this proceeding almost 13 months after his dismissal, but only five weeks after the village board of trustees denied his application for a rehearing. Section 8-806 of the Village Law specifically provides that a CPLR article 78 proceeding for review of a conviction under section 8-804 of the Village Law must be brought within 60 days of the date of conviction. Section 8-804 permits 12 months to file a request for a rehearing after conviction. Special Term properly held that the general provisions of CPLR 7801, allowing four months to commence a CPLR article 78 proceeding after a rehearing has been denied, or the time for a rehearing has expired, do not operate to extend the specific shorter 60-day time limit contained in section 8-806 of the Village Law. CPLR 7801 provides that where a shorter period is provided by law, the four-month period is not applicable (see *Matter or Mastrosimone v Frank,* 51 AD2d 727; *Matter of Henthorne v Kimball,* 252 App Div 758; cf. *Matter of MacNeil v Board of Trustees of Vil. of Patchogue,* 257 App Div 982). Furthermore, application of the four-month extension to the 12-month period would render section 8-806 of the Village Law useless, an effect that could not have been intended by the Legislature. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.

■ FRANK J. RUSCITTO, JR., Respondent, v RONALD P. IOVINELLE, Defendant, and VINCENT GIORDANO, Appellant.—Appeal from an order of the County Court of Schenectady County, entered July 21, 1978, which denied a motion for renewal of a motion to drop Vincent Giordano as a party. The appellant made his motion for renewal based upon, *inter alia,* the papers submitted upon his prior motion. These papers are not included in the record on this appeal and, accordingly, it cannot be determined if the examination before trial submitted upon renewal constituted *new* evidence or is just cumulative evidence. This record on appeal was certified by counsel for the appellant and, in the absence of a showing of new evidence, there can be no relief upon this appeal. (See *Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684.) Order affirmed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.

■ JOHN P. CUMMING et al., Appellants, v DAVID G. LA POINT, Respondent, et al., Defendant.—Appeal from a judgment of the Supreme Court in favor of defendant, entered May 23, 1978 in Warren County upon a dismissal of the complaint by the court at a Trial Term, without a jury, at the close of the evidence. Judgment affirmed, with costs, on the opinion of Mr. Justice William L. Ford. (See, also, *Battista v Pine Is. Park Assn.,* 28 AD2d 714.) Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.