■ In the Matter of TOM ROSS et al., Respondents, v TOWN OF MAMARONECK, Appellant. [628 NYS2d 500] —Appeal by the Town of Mamaroneck, by permission, from a judgment of the Supreme Court, Westchester County (Carey, J.), entered February 7, 1994.

Ordered that the judgment is affirmed, with costs, for reasons stated by Justice Carey at the Supreme Court. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.

■ In the Matter of PAUL SMITH, Appellant, v VILLAGE OF PAWLING, Respondent. [627 NYS2d 702] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Village of Pauling dated May 17, 1993, which, after a disciplinary hearing, temporarily suspended the petitioner from his position as a part-time police officer, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered December 9, 1993, which dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

The petitioner was temporarily suspended from his job as a part-time police officer in May 1993 following a hearing pursuant to Village Law § 8-804, and he commenced this proceeding in September 1993 to review that determination. The Supreme Court properly dismissed the proceeding as time-barred since Village Law § 8-806 specifically provides that a proceeding to review a determination pursuant to Village Law § 8-804 must be brought within 60 days of the determination (see, Matter of Healy v Village of Cooperstown, 70 AD2d 712). The petitioner failed to establish that the four-month Statute of Limitations in Civil Service Law § 76 (1) should take precedence over Village Law § 8-806 under the circumstances of this case (see, Civil Service Law § 76 [4]; see also, Matter of Scornavacca v Leary, 38 NY2d 583; Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown, 149 AD2d 516; Matter of Town of Greenburgh [Police Assn.], 94 AD2d 771; cf., Matter of Owen v Town Bd., 94 AD2d 768).

We have examined the petitioner's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.