In the Matter of MARIO FLORES, Appellant, v BOARD OF TRUSTEES OF VILLAGE OF DOBBS FERRY et al., Respondents. [830 NYS2d 325]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Dobbs Ferry dated May 11, 2004, which, after a hearing, found the petitioner guilty of a charge of conduct unbecoming a police officer and terminated his employment as a police officer of the Village of Dobbs Ferry, effective May 25, 2004, the appeal is from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered August 30, 2005, as denied those

causes of action of the petition alleging that the Board of Trustees of the Village of Dobbs Ferry abused its discretion by denying the petitioner's request for an adjournment of the disciplinary hearing, that the Board of Trustees of the Village of Dobbs Ferry abused its discretion and violated the petitioner's due process rights by failing to provide copies of certain documents and failing to permit his attorney to appear at certain disciplinary proceedings, and that the Board of Trustees of the Village of Dobbs Ferry violated the petitioner's due process rights by utilizing evidence which was obtained in response to a grand jury subpoena, and transferred the issue of whether the hearing officer's determination was supported by substantial evidence to this Court for review pursuant to CPLR 7804 (g).

Ordered that the appeal from so much of the order as denied the causes of action of the petition alleging that the Board of Trustees of the Village of Dobbs Ferry abused its discretion by denying the petitioner's request for an adjournment of the disciplinary hearing, that the Board of Trustees of the Village of Dobbs Ferry abused its discretion and violated the petitioner's due process rights by failing to provide copies of certain documents and failing to permit his attorney to appear at certain disciplinary proceedings, and that the Board of Trustees of the Village of Dobbs Ferry violated the petitioner's due process rights by utilizing evidence which was obtained in response to a grand jury subpoena is dismissed, on the ground that leave to appeal from those portions of the order is required and we decline to grant leave, and on the further ground that in light of our determination on the petition, the issues raised on the appeal have been rendered academic; and it is further,

Adjudged that the petition is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On May 11, 2004 the petitioner was convicted by the Board of Trustees of the Village of Dobbs Ferry (hereinafter the Board) of disciplinary charges following a disciplinary hearing held pursuant to McKinney's Unconsolidated Laws of NY § 5711-q (9), and was dismissed by the Board from his job as a police officer of the Village of Dobbs Ferry, effective May 25, 2004. He commenced this CPLR article 78 proceeding on July 30, 2004 to review the May 11, 2004 conviction and the subsequent termination of his employment. We agree with the Board that the proceeding should be dismissed as time-barred. McKinney's Unconsolidated Laws of NY § 5711-q (10) specifically provides that a proceeding to review a conviction made pursuant to McKinney's Unconsolidated Laws of NY § 5711-q (9) must be brought within 60 days of the conviction (*see Matter of Smith v*

*Village of Pawling,* 215 AD2d 667 [1995]). The petitioner did not commence this proceeding until more than 60 days after the May 11, 2004 conviction.

In light of our determination, we need not reach the parties' remaining contentions. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.