# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**185**

**CA 11-00962**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF DAVID K. ROBIDA,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

CHRISTINE M. ZIEMBA, CHIEF OF POLICE,
CHEEKTOWAGA POLICE DEPARTMENT, AND TOWN OF
CHEEKTOWAGA, RESPONDENTS-RESPONDENTS.

---

LAW OFFICES OF W. JAMES SCHWAN, BUFFALO (W. JAMES SCHWAN OF COUNSEL),
FOR PETITIONER-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated decision, order and judgment) of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered February 2, 2011 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition as untimely.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating him from his employment as a police officer. Supreme Court properly granted respondents' motion to dismiss the proceeding as time-barred. The amended charges against petitioner were brought pursuant to both Civil Service Law § 75 and Town Law § 155, and a hearing was held in accordance with those statutes. The Town Board of respondent Town of Cheektowaga (Town Board) adopted a resolution that terminated petitioner pursuant to, inter alia, Town Law § 155 for acts of off-duty misconduct that the Town Board determined to be "acts of delinquency seriously affecting [petitioner's] general character and fitness for office."

Town Law § 155 specifically provides that a CPLR article 78 proceeding to review a determination pursuant to the statute must be commenced within 30 days of the determination and, inasmuch as it is undisputed that this proceeding was commenced more than 30 days after the Town Board's determination, it is time-barred (*see generally Matter of Flores v Board of Trustees of Vil. of Dobbs Ferry*, 37 AD3d 718, 719-720, *lv denied* 8 NY3d 815; *Matter of Smith v Village of Pawling*, 215 AD2d 667; *Matter of Healy v Village of Cooperstown*, 70

AD2d 712).  Contrary to petitioner's contention, the 30-day limitations period set forth in Town Law § 155 is not limited to those disciplinary proceedings that were brought solely pursuant thereto. The statute of limitations for a CPLR article 78 proceeding in which the petitioner seeks to annul a determination pursuant to Civil Service Law § 75 is governed by CPLR 217 (1), which provides that, "[u]nless a shorter time is provided in the law authorizing the proceeding," the proceeding must be commenced within four months after the determination to be reviewed becomes final.  Here, such "shorter time" was provided by Town Law § 155, which authorized the disciplinary proceeding and under which petitioner's employment was terminated.

Entered:  February 10, 2012                         Frances E. Cafarell
                                                    Clerk of the Court