■ STUYVESANT INSURANCE COMPANY, Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant. (Appeal No. 2.)—Order unanimously affirmed, with costs. Memorandum: Petitioner-respondent, Stuyvesant Insurance Company (hereinafter Stuyvesant), the insurer of a motorcycle operated by Fleming, has obtained a permanent stay of an arbitration proceeding commenced pursuant to section 674 of the Insurance Law by respondent-appellant United States Fidelity and Guaranty Company (hereinafter USF&G), the insurer of an automobile operated by Eisenhauer. Eisenhauer was seriously injured in a collision with Fleming's motorcycle. USF&G, after paying first-party benefits to Eisenhauer commenced the proceeding under section 674 of the Insurance Law to recover the amount of such benefits from Stuyvesant as "the insurer of [Fleming, a] covered person if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law." (Insurance Law, § 674, subd 1.) The stay of arbitration was properly granted. Because motorcycles are exempt from mandatory no-fault coverage (Insurance Law, § 671, subd 6), Fleming was not covered for no-fault protection under the Stuyvesant standard policy and he was, therefore, not a "covered person" as the term is used in subdivision 1 of section 674 of the Insurance

Law. That Fleming, had he been injured, would have been a "covered person" entitled to receive no-fault benefits from USF&G under subdivision 10 of section 671 and section 672 (subd 1, par [a]) of the Insurance Law, does not make him a "covered person" within the meaning of section 674 of the Insurance Law. The two terms refer to two different groups. One group consists of "those required to provide the 'no fault' coverage *from* which benefits are to be paid [and] The other is made up of those who, as a result of sustaining recoverable losses, are persons *to* whom those benefits are to be paid." *(Perkins v Merchants Mut. Ins. Co.,* 41 NY2d 394, 396; see, also, *Cole v Lord,* 91 Misc 2d 178.) There was, therefore, no right to reimbursement or arbitration under section 674 of the Insurance Law. (Appeal from order of Erie Supreme Court—stay arbitration.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr. and Denman, JJ.