■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v HOME MUTUAL INSURANCE COMPANY, Respondent.—Order unanimously reversed, with costs, and motion granted. Memorandum: Respondent insured an automobile which struck and injured 15-year-old William Hubler, a pedestrian at the time of the accident. After arbitration respondent paid first-party benefits to Hubler pursuant to the no-fault provisions of its insurance policy. It now seeks reimbursement pursuant to subdivision 1 of section 674 of the Insurance Law from petitioner Government Employees Insurance Company (GEICO) which insured an automobile owned by Hubler's father, and its application asserts that right based upon a claim that William Hubler was also struck by a hit and run driver. After appearing in the arbitration, petitioner moved to stay arbitration and Special Term denied its motion, finding that respondent's claim for reimbursement was arbitrable. Subdivision 1 of section 674 provides that an insurer who has paid first-party benefits may seek reimbursement from the insurer of any covered person "if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law." The typical situation contemplated by this section arises when two cars collide. The insurer of Car A may recover first-party benefits, which it has paid an injured party, from the insurer of Car B if it can establish in arbitration that the owner or operator of Car B would have been liable also to pay damages to the injured party if the matter had been litigated. That is not the situation here. William Hubler is a "covered person" as the provisions of subdivision 1 of section 674 require (see Insurance Law, § 671, subd 10), but there is no circumstance in which he could recover at common law from his father. That being so, respondent is not entitled to reimbursement in arbitration. Respondent urges that petitioner has waived its right to stay the proceedings by participating in the arbitration. That, of course, is the general rule (CPLR 7503, subds [b], [c]; *Binghamton Civ. Serv. Forum v City of Binghamton*, 44 NY2d 23, 28-29; *Mid-Atlantic Constr. Corp. v Guido*, 30 AD2d 232, 237). However, respondent's right to reimbursement is proscribed, and narrowly so, by the statute (see, also, 11 NYCRR 65.10 [a], [b]). Where, as here, there is no basis for an arbitrator to grant relief without exceeding his power, the stay should be granted (see *Clifton-Fine Cent. School Bd. of Educ. v Wisner*, 59 AD2d 50, mot for lv to app den 43 NY2d 643; *Stuyvesant Ins. Co. v United States Fid. & Guar. Co.*, 61 AD2d 1123). (Appeal from order of Erie Supreme Court—arbitration.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.