■ In the Matter of HARRY C. OWEN, Petitioner, v TOWN BOARD OF THE TOWN OF WALLKILL, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Wallkill dated May 20, 1981, which, after a hearing, terminated petitioner's employment as a Lieutenant in the Town of Wallkill Police Department. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent for further proceedings consistent herewith. Petitioner, Harry C. Owen, was employed as a part-time Lieutenant in the Town of Wallkill Police Department. By letter dated February 22, 1981 petitioner was notified by then Police Chief Cornelius J. Glasgow that he was suspended indefinitely from all police duties on the ground of "Disrespectful" conduct. Thereafter, formal charges in

written form were served on petitioner by Glasgow. Petitioner answered the charges in writing, denying them all. He also served Chief Glasgow with a demand for a bill of particulars. The bill of particulars was never furnished. On March 30, 1981 a disciplinary hearing was commenced before the town board. The town board asserted that the hearing was to be conducted pursuant to the Town Law. Prior to the taking of testimony, petitioner moved, *inter alia,* for a dismissal of the charges based on the fact that the bill of particulars available under the Civil Service Law was not served within the 10-day time limit and had, in fact, not been served at all. In the alternative, petitioner asked for an adjournment pending the delivery of the bill of particulars. The request was denied after the town board's attorney, Mr. Rosenstein, explained that "[i]f there's any validity to the claim of counsel, the courts will make that determination". This court is now called upon to make the determination. Petitioner correctly asserted that section 75 of the Civil Service Law should have applied to his case rather than section 155 of the Town Law. Petitioner has shown that he is an honorably discharged veteran who served in time of war. He was, therefore, entitled to the additional protection of the Civil Service Law (see Civil Service Law, §§ 75, 85). It is noted that this issue has already been litigated in the context of petitioner's attempts to receive back pay from the thirty-first day of his suspension. In the article 78 proceeding to determine if petitioner was entitled to such back pay, the court was asked to address whether petitioner was a veteran and, if so, whether the Civil Service Law applies. In May, 1981 the Supreme Court, Orange County (Green, J.), determined that the Civil Service Law applies. Upon reargument and after a hearing before Justice Ferraro the same determination was made. No appeal was taken from these decisions. Therefore, the town board's argument concerning the use of the Town Law is precluded by collateral estoppel (issue preclusion) (see *Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.],* 43 NY2d 184; cf. *O'Connor v G&R Packing Co.,* 53 NY2d 278; *Parkoff v General Tel. & Electronics Corp.,* 53 NY2d 412). The town board concededly applied the Town Law throughout its hearing instead of the Civil Service Law as required by petitioner's status as an honorably discharged veteran who served during time of war. Therefore, the determination must be annulled because of the failure of the town board to give petitioner his available procedural rights. Specifically, the town board rejected the demand for a bill of particulars on the ground that it was not available under the Town Law. However, bills of particulars, while not required, are available under the Civil Service Law (see *Matter of Fitzgerald v Libous,* 44 NY2d 660; *Matter of Pachucki v Walters,* 56 AD2d 677). We have reviewed the board's other contentions and find them to be without merit. The petition is accordingly granted to the extent of annulling the town board's determination and the matter is remitted to said board for a new hearing to be conducted pursuant to section 75 of the Civil Service Law. Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.