■ In the Matter of the Town of Greenburgh, Respondent. Police Association of the Town of Greenburgh, Inc., Appellant. — In a proceeding pursuant to CPLR article 75 to vacate so much of an award of a public arbitration panel as, after a hearing (1) permitted police officers in the Town of Greenburgh faced with disciplinary charges to choose either binding arbitration or a hearing before the town board, and (2) prohibited the Town of Greenburgh from suspending an officer without pay for a period in excess of 30 days while charges are pending, the Police Association of the Town of Greenburgh appeals from a judgment of the Supreme Court, Westchester County (Cerrato, J.), dated July 21, 1982, which granted the application. Judgment affirmed, without costs or disbursements. Upon reaching an impasse in negotiating a new contract, the Town of Greenburgh and the police association representing its police officers submitted their disagreement to binding compulsory arbitration before a public arbitration panel (Civil Service Law, § 209, subd 4). After conducting a hearing, the panel rendered an award which, *inter alia,* granted the police association's demands that police officers faced with disciplinary charges be granted the option of having the charges determined by the town board or by an arbitrator appointed by the American Arbitration Association, and that police officers not be suspended without pay in excess of 30 days during the pendency of the charges against them. The town then moved to vacate the disciplinary portions of the award on the ground that the panel exceeded its authority because the Westchester County Police Act prevented collective bargaining on those issues. Special Term agreed with the town and granted its application. We affirm. On the merits of the vacatur application, it is clear that the panel acted in excess of its power because it is the Westchester County Police Act which governs discipline of members of town police departments in Westchester County. Under the Taylor Law (Civil Service Law, art 14) discipline is a permissible subject of negotiation between public employers and employee associations because it is a term or condition of employment and subdivision 4 of section 76 of the Civil Service Law permits collective bargaining modification of the statutory procedures governing discipline (*Matter of Auburn Police Local 195 v Helsby,* 62 AD2d 12, affd 46 NY2d 1034). The Taylor Law does not apply, however, to disciplinary procedures involving members of town police departments in Westchester County because of the provisions of the Westchester County Police Act. Subdivision 4 of section 76 of the Civil Service Law, permitting collective bargaining as to disciplinary procedures, expressly provides that sections 75 and 76 are not to be construed to repeal or modify any general, special or local law relating to the removal or suspension of employees (see *Matter of Scornavacca v Leary,* 38 NY2d 583; *Matter of Cugell v Monaghan,* 201 Misc 607; see, also, *Baker v Cawley,* 459 F Supp 1301, affd 607 F2d 934) and the Westchester County Police Act is such a special act. The Westchester County Police Act provides that disciplinary matters involving members of town police departments must be heard by the town board or the board of police commissioners and that the obligation to conduct such hearings cannot be delegated. The special statute also gives the

town board the power to suspend members of the police department without pay pending the trial of the charges against them (Westchester County Police Act, § 7, L 1936, ch 104, as amd by L 1941, ch 812). Notwithstanding any contrary provisions in the Civil Service Law, then, a Westchester town board's authority to suspend an officer without pay and its obligation (or that of the board of police commissioners) to try disciplinary charges are not subject to collective bargaining (see *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743). Accordingly, Special Term correctly held that the disputed portions of the award must be vacated as having been rendered in excess of the panel's power (see CPLR 7511, subd [b], par [1], cl [iii]; *Caso v Coffey,* 41 NY2d 153; *Mount St. Mary's Hosp. of Niagara Falls v Catherwood,* 26 NY2d 493). Having concluded that disciplinary procedures are not a subject of collective bargaining for members of town police departments in Westchester, we reject the police association's contention that the town's failure to seek a stay of arbitration prior to the panel hearing waived the grounds it raises to support vacatur. The rationale for the town's position on the waiver issue also is erroneous, however, since it is mistakenly based on *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.* (45 NY2d 411). Citing *Port Washington,* the town contends that it would have been impossible to obtain a stay because the disciplinary procedures were but a small part of the association's total demand for arbitration. However, *Port Washington* holds that where the demand for arbitration of an arbitrable issue seeks more relief than there is jurisdiction to grant, the failure to seek a stay is not fatal if the arbitrator has the power to grant some relief. Here, the arbitration panel lacked jurisdiction to grant any relief relevant to disciplinary procedures and there is no reason why the town could not have obtained a stay of the disciplinary portion of the demand (see *Matter of Allied Van Lines [Hollander Express & Van Co.],* 29 NY2d 35, 41-44; see, also, *Government Employees Ins. Co. v Home Mut. Ins. Co.,* 74 AD2d 716). Whatever the deficiencies of its reasoning, however, the town has not waived its right to seek vacatur of the disciplinary portion of the award. A party who participates in arbitration without moving for a stay waives certain grounds for vacatur such as whether a valid arbitration agreement was made or complied with or whether the claim is barred by the Statute of Limitations (see CPLR 7503; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377), but if the arbitration award is contrary to public policy or if it violates statutory proscriptions, the issue may be raised for the first time in an application to vacate the award (CPLR 7511). Indeed, the court may consider such issues *sua sponte* even if the parties do not raise them (*Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.],* 44 NY2d 68, 72; *Durst v Abrash,* 22 AD2d 39, affd 17 NY2d 445). Because the Westchester County Police Act pre-empted the subject, the parties to this proceeding could not legally have agreed to alter statutory disciplinary procedures. That lack of power to agree could not be overcome by the device of waiving opposition to a jurisdictionally defective demand (see *Durst v Abrash,* 22 AD2d, at pp 42-44, *supra*). We do agree with the association, however, that the town's claim that one of the panel members was biased was waived, when, with knowledge of the facts underlying the claim of bias, the town went forward with the arbitration (*Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123, 129; *Matter of Baar & Beards [Oleg Cassini, Inc.],* 30 NY2d 649). Accordingly, there should be an affirmance. Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.