■ In the Matter of the TOWN OF MAMARONECK PBA, INC., Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent New York State Public Employment Relations Board dated March 31, 1983, which held that longevity pay is a mandatory subject of negotiation, petitioner appeals from a judgment of the Supreme Court, Westchester County (Sullivan, J.), entered July 21, 1983, which dismissed the petition.

Judgment affirmed, with costs.

At issue here is whether section 153 of the Town Law or section 5 of chapter 104 of the Laws of 1936, which contains parallel language, preempts collective bargaining with respect to police longevity pay. We conclude that it does not and affirm.

Section 153 of the Town Law and section 5 of chapter 104 of the Laws of 1936 authorize a "credit * * * for purposes of seniority, promotion, pensions and general administration", but do not speak to the question of longevity pay either explicitly or implicitly. Nor do they evince a plain and clear intent to prohibit

collective bargaining on the subject (see *Syracuse Teachers Assn. v Board of Educ.*, 35 NY2d 743, 744). Moreover, as the New York State Public Employment Relations Board (PERB) noted, "where the Legislature has intended prior service credit to be counted for all purposes, it has clearly said so".

Judicial review of a PERB determination is a "limited" one; PERB "is presumed to have developed an expertise and judgment that requires us to accept its construction [of the provisions of the Taylor Law (Civil Service Law, art 14)] if not unreasonable" (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.*, 48 NY2d 398, 404).

Although an argument may be made to the contrary (see 31 Opns St Comp, 1975, p 11), this does not make PERB's determination that longevity pay constitutes a form of wages or salary within the meaning of the Taylor Law and that there is no preemption by other legislation an "unreasonable" one (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra,* p 404). Consequently, it should be accepted by the courts.

The purported authorities cited by petitioner are either inapposite or incorrect. *Matter of Town of Greenburgh (Police Assn.)* (94 AD2d 771) involved compulsory arbitration, not a PERB construction of the Taylor Law. Inasmuch as a different standard of review applies, the case is plainly distinguishable (see *Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers' Assn.]*, 37 NY2d 614, 616-617). While an opinion of the State Comptroller concludes that, despite the fact that section 153 of the Town Law "does not specifically refer to longevity increments," a preclusion with respect to longevity increments could "reasonably be inferred" from its language (31 Opns St Comp, 1975, pp 11-12), that opinion is not binding on this court and its conclusory analysis is unpersuasive (*Matter of American Tel. & Tel. Co. v State Tax Comm.*, 61 NY2d 393, 403-404). Even if the State Comptroller's interpretation were a reasonable one, such would not render PERB's determination unreasonable, the condition precedent to judicial nullification (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.*, 48 NY2d 398, 404, *supra*). Mollen, P. J., Titone, Lazer, Thompson and Weinstein, JJ., concur.