OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the petition granted and the determination of the Public Employment Relations Board annulled.
Although as the agency charged with implementing the policies of the Taylor Law (Civil Service Law § 200 if), the Public Employment Relations Board is presumed to have developed an expertise which requires us to accept its construction of that law if not unreasonable (Matter of Incorporated Vil. of Lynbrook v State Public Employment Relations Bd., 48 NY2d 398, 404), with respect to the interpretation of other laws where "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent,” its interpretations need not be accorded such deference (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459).
Here we must interpret Town Law § 153, and essentially the same language contained in the Laws of 1936 (ch 104, § 5) which governs Westchester County Police Departments. Town Law § 153 provides that upon transfer from one town police department to another town or village police department in the same county, the police force member "transferred shall receive credit with the department to which he is transferred for time served on the police force or in the department of any village or town within the same county, as though the full time had been served with the department to which he has been transferred, for purposes of seniority, promotion, pensions and general administration.”
There can be no question that transfer credit includes longevity increments (Syracuse Teachers Assn. v Board of Educ., 35 NY2d 743, 744; see, Matter of Union Free School *725 Dist. No. 2 v Nyquist, 38 NY2d 137, 142) and that, therefore, in the face of a statute providing that any year of transfer credit shall be counted as a year of service, longevity credit is not subject to arbitration or collective bargaining under the Taylor Law (Syracuse Teachers Assn. v Board of Educ., supra, at p 744). The fact that neither the Town Law nor the Westchester County Police Act includes the words "longevity pay” does not require a contrary conclusion, for both refer to seniority, promotion, and pension rights all of which are matters involving substantial pecuniary benefits related to length of service. Moreover, failing to give transfer credit for the purpose of computing longevity pay would serve to discourage transfers and to undermine the purpose of the sections to place the transferee squarely in the shoes of the officer who has served all such time in the town to which the transfer is made (see, 31 Opns St Comp, 1975, at 11-12).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.