In the Matter of the ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Appellant, v TOWN OF CLARKSTOWN et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to negotiate with the petitioner concerning disciplinary procedures, the petitioner appeals from a judgment of the Supreme Court, Rockland County (West, J.), dated October 15, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 7, 1986, Police Officer Aldo Del Rosario was informed by a letter from the Chief of Police of the Town of Clarkstown that charges were being preferred against him, and that he was suspended for 30 days pursuant to Civil Service Law § 75 pending their resolution of those charges.

Negotiations followed between the respondents and the petitioner regarding the disciplinary procedures to be used, the petitioner insisting upon a hearing before the respondent Police Commission of the Town of Clarkstown, and the respondents seeking to substitute a hearing before an appointed Hearing Officer.

On February 10, 1987, Officer Del Rosario was sent another letter by the Police Commission notifying him that he was suspended without pay "pursuant to the provisions of the Rockland County Police Act". At a disciplinary hearing held on February 25, 1987 before the full Police Commission, the petitioner requested and received an adjournment until the criminal proceedings against Del Rosario had been resolved, and it was stipulated that the officer would remain suspended without pay in the interim. Ultimately, Del Rosario pleaded guilty to certain of the charges in the criminal proceeding, and vacated his position pursuant to Public Officers Law § 30.

In the instant proceeding, the Supreme Court, Rockland County (West, J.), ruled that the Rockland County Police Act (L 1936, ch 526) rather than Civil Service Law § 75 was the controlling statute for this and similar cases, and that it was a "special law" which preempted the area of discipline of police officers in Rockland County. It also found that the respondents were under no obligation to negotiate with the petitioner with respect to statutorily mandated disciplinary procedures, even though they had initially commenced proceedings against Del Rosario in November 1986 under Civil Service Law § 75, and only switched to "the more appropriate statute", the Rockland County Police Act, in February 1987. The court therefore declined to annul Del Rosario's indefinite suspension and to award back pay.

We now affirm.

There is no merit to the petitioner's contention that amendments to the Westchester County Police Act forbidding delegation of the authority to hear disciplinary charges against police officers, so distinguished that act from the similar Rockland County Police Act as to make the analysis in *Matter of Town of Greenburgh (Police Assn.)* (94 AD2d 771, *lv denied* 60 NY2d 551) inapposite to the instant case. In the *Town of Greenburgh* case, the court found that the Westchester County Police Act was a "special law" which was neither repealed nor modified by the Civil Service Law, as contemplated by section 76 (4) of the latter statute, which provides that "[n]othing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or

local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division". As in the case of the Westchester County Police Act, therefore, the respondents' statutory authority in the area of police discipline is not subject to collective bargaining. This reading is supported by Rockland County Police Act § 14, as amended in 1946, which provides that: "Nothing in this chapter contained shall deprive any person or persons of any of the benefits of any other provisions of law unless the same shall be inconsistent with the provisions of this chapter, and no other provision of law which may be inconsistent shall prevent the operation of the provisions of this chapter" (L 1946, ch 941, § 1). Thus, in the face of a statute which by its terms preempts all inconsistent legislation, and which permits the respondents to suspend an accused officer without pay for more than 30 days, as well as to hear and/or to delegate hearings of disciplinary charges as they may prescribe, disciplinary proceedings involving members of town police departments in Rockland County are "not subject to * * * collective bargaining under the Taylor Law" *(cf., Matter of Town of Mamaroneck PBA v New York State Pub. Employment Relations Bd., 66 NY2d 722, 725).*

While it would have been preferable for the respondents to have invoked the Rockland County Police Act at the commencement of the disciplinary proceedings, there has been no showing that Officer Del Rosario's due process rights were in any way compromised by the respondents' resort to the correct statute on February 10, 1987. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.