In the Matter of VICTOR NIEVES, Appellant, v FRANK J. HAERA et al., Constituting the Board of Trustees of the Village of Haverstraw, Respondents.

Third Department, February 28, 1991

## APPEARANCES OF COUNSEL

*Ferraro Goldstein Yatto & Zugibe (Scott M. Albrecht* of counsel), for appellant.

*William M. Stein* for respondents.

## OPINION OF THE COURT

CASEY, J. P.

On November 23, 1988 petitioner, a police officer of the Village of Haverstraw in Rockland County, was arrested and charged with a class E felony and two misdemeanors, and was notified that he was suspended without pay effective November 22, 1988 at 3:00 P.M. On December 1, 1988, petitioner received notice of a departmental hearing on the charges scheduled for December 21, 1988 before the Village Board of Trustees acting in the capacity of Police Commissioners. On April 25, 1989, following the hearing, petitioner was notified that he was being discharged. Petitioner then commenced this CPLR article 78 proceeding to annul the determination that withheld his salary for the period of his suspension in excess of 30 days and for an order directing payment of back pay, together with interest. Supreme Court dismissed the petition for legal insufficiency. We agree.

Resolution of the issue of petitioner's back pay depends on whether petitioner's disciplinary proceeding is governed by the Rockland County Police Act (L 1936, ch 524) (hereinafter the Act), which specifically permits petitioner's suspension without pay until completion of the disciplinary hearing, or by Civil Service Law § 75 (3) and Village Law § 8-804 (as amended by L 1976, ch 523, § 1), both of which provide for suspension without pay for a period not to exceed 30 days, with resumption of pay after a 30-day suspension pending the outcome of a hearing and determination of charges. Petitioner contends that the Act was implicitly repealed either in its entirety *or to the extent that it conflicts with Village Law § 8-804 and the Civil Service Law, and that Village Law § 8-804 governs the entire subject matter of the Act. This contention is untenable.

The Act was passed in 1936 after the village's Police Department was reformed pursuant to former Village Law § 188. Therefore, the Act is controlling to the extent that the statutes conflict (see, Abate v Mundt, 25 NY2d 309, 318, affd 403 US 182). Furthermore, the Act contains the phrase "[n]otwithstanding any other provisions of law" (L 1936, ch 524, § 1), indicating the Act's precedence over all other relevant statutes. The 1946 amendment to the Act (L 1946, ch 940, § 1, adding Act § 17) in respect to the added reservation sentence, which stated that persons would not be deprived of the benefits of other laws unless they were inconsistent with the Act and that "no other provision of law which may be inconsistent shall prevent the operation of the [Act]", reinforces the supremacy of the Act, whereas Village Law § 8-804 (1), on which petitioner relies so heavily, contains the limiting language "[e]xcept as otherwise provided by law", which language was retained despite subsequent amendments. With respect to the Civil Service Law, it is noted that Civil Service Law § 76 (4) specifically states that: "Nothing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or local law * * * relating to the removal or suspension of officers".

These provisions indicate that in the case of statutory inconsistencies, precedence shall be accorded to the Act. This Act is a "special law" that postdates the reformation of the village's Police Department and contains preemptive language both in the original and the amended Act, whereas Village Law § 8-804 and Civil Service Law § 75 each contain limiting language. The 30-day suspension without pay provisions of both of these latter statutes were enacted after 1936. Therefore, the Act's limiting language and retrospective deference to the employment rules of the Civil Service Law do not encompass these post-1936 provisions.

As both a "special law" and a "local law", the Act takes precedence over the Civil Service Law (see, Civil Service Law § 76 [4]). A special statute that conflicts with a general act controls the case and repeals the general act insofar as the special statute applies (see, McKinney's Cons Laws of NY, Book 1, Statutes § 397; see, Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown, 149 AD2d 516, 517; Matter of Town of Greenburgh v Police Assn., 94 AD2d 771, lv denied 60 NY2d 551).

Petitioner further argues that even if the Act is applicable,

he is entitled to pay from the time the trial was scheduled to begin (December 21, 1988) until he was notified of his dismissal. Petitioner errs in this contention. The Act provides for suspension "without pay, pending the trial of charges" (L 1936, ch 524, § 8). The quoted language clearly indicates that the outcome or disposition at trial is the end of the suspension *(see, Brenner v City of New York,* 9 NY2d 447, 450).

We have also considered petitioner's claim of violation of his procedural due process rights and find it unpersuasive. Accordingly, the judgment appealed from should be affirmed.

MIKOLL, YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Judgment affirmed, without costs.