Requestor: Cynthia Ahlgren Shea, Esq., Town Attorney Town of East Hampton 159 Pantigo Road East Hampton, New York 11937
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your request for an Attorney General's opinion as to the authority of a town to suspend, without pay, a town police officer during the pendency of a disciplinary proceeding. In a telephone conversation, you indicated that your specific inquiry is whether provisions of the Town Law or the Civil Service Law govern the duration of the suspension.
You have informed us that the Town of East Hampton is currently bringing a disciplinary proceeding against a member of its police department. The officer has been suspended, without pay, during the pendency of the proceeding.
Section 155 of the Town Law establishes procedures for disciplining members of town police departments and authorizes the town board to suspend an officer without pay pending the trial of charges.
The position in question, however, is in the competitive class of the civil service, raising the question whether section 75 of the Civil Service Law establishes the disciplinary procedure. Section75 of the Civil Service Law governs removal proceedings and other disciplinary actions, and by its terms applies to persons in the competitive class of the civil service and to other defined categories. Subdivision 3 of section 75 provides that a suspension without pay may not exceed 30 days.*
Section 76(4) of the Civil Service Law preserves the applicability of other laws.
 "Nothing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the state or any civil division." Civil Service Law § 76(4).
Relying on section 76(4) of the Civil Service Law, the court in Matter ofNieves v Haera, ___ A.D.2d ___, 566 N.Y.S.2d 731 (3d Dept [dec 2/28/91]) held that the Rockland County Police Act, which provided for suspension without pay pending hearing and resolution of disciplinary charges, took precedence over the provisions of the Civil Service Law. The Appellate Division found that the police act was a special law, enacted by the Legislature (L 1936, ch 524), which fell within the exception of section 76(4). The same conclusion was reached in Matter of Rockland CountyPatrolmen's Benevolent Association, Inc. v Town of Clarkstown,149 A.D.2d 516 (2d Dept 1989).
The provisions of the Town Law governing the disciplining of members of town police departments were in existence at the time sections75 and 76 of the Civil Service Law were enacted. Town Law § 155 (L 1932, ch 634). Thus, under the terms of section76(4), section 155 of the Town Law is a State law relating to the removal or suspension of officers or employees and, therefore, is preserved and governs the disciplining of members of town police departments. Civil Service Law § 76(4).
In your letter, you make reference to Matter of Owen v Town of Wallkill,94 A.D.2d 768 (2d Dept), lv denied, 60 N.Y.2d 560 (1983). In Owen, the issue was whether the 30-day limit on suspension under section75 of the Civil Service Law applied to a town police officer who was an honorably discharged veteran. Section 75 of the Civil Service Law also applies to honorably discharged veterans, a separately covered category of employee. The Court found that the officer's status as a veteran entitled him to the "additional protection" of section 75 of the Civil Service Law, and the town could only suspend him without pay for 30 days. Owen, 94 A.D.2d at 769.
Inasmuch as you have informed us that the officer in question is not a veteran, he does not qualify for the additional protection of section 75, making the holding in Owen inapplicable.
We conclude that a member of a town police department, who is not a veteran and whose discipline is not governed by a collective bargaining agreement, is to be disciplined under the procedure established by section 155 of the Town Law. Under section 155, he may be suspended without pay pending the trial of charges.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* We note that a town and an employee organization may enter into an agreement under the Taylor Law which includes provisions in discipline and removal that supplement, modify or replace sections 75 and76 of the Civil Service Law. Civil Service Law § 76(4). 1982 Op Atty Gen (Inf) 182; 1981 Op Atty Gen 45; 1981 Op Atty Gen (Inf) 262. You have informed us that there is no collective bargaining agreement governing the disciplining of members of the town's police department.