■ In the Matter of JAMES BURBRIDGE et al., Appellants, v JOSEPH MIELE, as Chief of the Town of Ramapo Police Department, et al., Respondents. [625 NYS2d 272] —In a hybrid proceeding pursuant to CPLR article 78 and an action, inter alia, for a judgment declaring that the petitioners are entitled to appointment to the rank of detective in the Town of Ramapo Police Department pursuant to Civil Service Law § 58 (4) (c), the petitioners appeal from a judgment of the Supreme Court, Rockland County (Scarpino, J.), entered January 5, 1994, which dismissed the matter.

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the petitioners are not entitled to appointment to the rank of detective pursuant to Civil Service Law § 58 (4) (c); as so modified, the judgment is affirmed, with costs to the respondents.

The petitioner police officers in the Town of Ramapo contend that they are entitled to appointment as detectives pursuant to Civil Service Law § 58 (4) (c) as they performed detective duties for a period in excess of 18 months. Although the parties did not raise the issue of the constitutionality of Civil Service Law § 58 (4) (c), in view of the decision of the Court of Appeals in Matter of Wood v Irving (85 NY2d 238), the petitioners' claim must be rejected. In that case, the Court held that Civil Service Law § 58 (4) (c) violates the prerequisite of NY Constitution, article V, § 6, that appointments or promotions within the State civil service system be based on merit and determined by competitive examination "as far as practicable".

Moreover, we agree with the Supreme Court's determination that Civil Service Law § 58 (4) (c) is inconsistent with the provision of the Rockland County Police Act (L 1936, ch 526,

as amended by L 1946, ch 941) which gives to police chiefs the authority to temporarily assign officers to detective duty and to revoke such assignments "at any time". As the Rockland County Police Act is a special act which takes precedence over inconsistent provisions of the Civil Service Law (see, Matter of Nieves v Haera, 165 AD2d 201; Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown, 149 AD2d 516; see also, Matter of Town of Greenburgh v Police Assn., 94 AD2d 771; McKinney's Cons Laws of NY, Book 1, Statutes § 397), the petitioners would not be entitled to the benefit of Civil Service Law § 58 (4) (c) even if that statute was valid.

Where a declaratory judgment action is brought and a determination made on the merits, the court must make a declaration (see, Lanza v Wagner, 11 NY2d 317, 334, cert denied 371 US 901). We therefore modify the judgment by adding a provision thereto which makes the appropriate declaration. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.