[643 NYS2d 352]

In the Matter of SHIRLEY A. EHMAN and FRANK X. MARINO, Suspended Attorneys, Respondents. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 13, 1996

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Robert P. Guido* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court, dated February 1, 1996, the respondents were immediately suspended from the practice

of law based upon a finding that they were guilty of professional misconduct immediately threatening the public interest when they obstructed the legitimate function of the Grievance Committee in the investigation of complaints of professional misconduct against them. The respondents were directed to submit to the Grievance Committee all previously requested bank records within five days of service upon them of the order suspending them. Upon the Court's own motion, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondents, and the matter was referred to the Honorable Luigi R. Marano, as Special Referee, to hear and report.

A notice of petition and petition containing 24 charges of professional misconduct were served by ordinary mail upon the respondents' attorney. The respondents have failed to file an answer to the charges contained in the petition.

The petitioner now moves for an order imposing discipline based upon the respondents' default. The respondents were served with the notice of motion via regular mail and have failed to submit any papers in opposition to the motion.

The charges involve, *inter alia,* neglect, failure to cooperate, and conversion of $980,000 of client funds. The charges, if established, would require the imposition of a disciplinary sanction against the respondents. Inasmuch as the respondents chose not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to adjudge the respondents to be in default and to impose discipline is, therefore, granted. Accordingly, the respondents are disbarred and their names are stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondents based upon their failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Shirley A. Ehman, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Frank X. Marino, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondents shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Shirley A. Ehman is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Frank X. Marino is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.