■ In the Matter of WILLIAM J. STEINMANN, Appellant, v VILLAGE OF SPRING VALLEY, Respondent. [691 NYS2d 66] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Village of Spring Valley, dated December 1, 1997, reassigning the petitioner within the Village of Spring Valley police department, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Miller, J.), entered February 13, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a police officer in the Village of Spring Valley since 1977, has held the position of lieutenant since 1988. Initially, the petitioner was a supervisor of a uniformed patrol force. In 1990 the petitioner was assigned supervisory duties

over the Detective Bureau, Juvenile Aid Bureau, and Street Crime Unit, with the intra-departmental title of "Detective Lieutenant", at the same salary. On November 3, 1997, he was removed from this position and on December 1, 1997, he was reassigned to supervise the operations of the uniformed police force. The reassignment did not involve any diminution of compensation. The petitioner contends that he could not be removed from the position of detective pursuant to Civil Service Law § 58 (4) (c); § 75 (1) (e) and § 59-a, as he had performed detective duties for a period in excess of 18 months.

The New York State Legislature repealed Civil Service Law § 58 (4) (c) by chapter 134 of the Laws of 1997, after the Court of Appeals found that statutory provision to be unconstitutional in *Matter of Wood v Irving* (85 NY2d 238). The Court held that Civil Service Law § 58 (4) (c) violated the prerequisite of the New York Constitution, article V, § 6, that appointments or promotions within the State civil service system be based on merit and determined by competitive examination where practicable (*see, Matter of Wood v Irving, supra*). Chapter 134 of the Laws of 1997 cured the constitutional infirmities with which the Court was concerned by including a paragraph stating that there were legislative findings that testing for the position of detective was frequently impracticable in various jurisdictions. Thus, the new law is constitutional and the respondent's claim to the contrary is without merit.

However, we agree with the respondent's contention that the petitioner is not entitled to the benefits of chapter 134 of the Laws of 1997, since the petitioner was not authorized to perform investigative duties in his position as "Lieutenant Detective" and because he was in a supervisory position. The statute applies only to those people who perform investigative duties and not to those people who are working in supervisory capacities.

Moreover, we agree with the Supreme Court's determination that chapter 134 of the Laws of 1997 is inconsistent with section 16 of the Rockland County Police Act (L 1936, ch 524, as amended by L 1946, ch 940), which gives to police chiefs the authority to assign officers to detective duty and to revoke such assignments "at any time". Since the Rockland County Police Act is a special act which takes precedence over inconsistent provisions of the Civil Service Law (*see, Matter of Burbridge v Miele,* 214 AD2d 669, 670; *Matter of Nieves v Haera,* 165 AD2d 201; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown,* 149 AD2d 516; *see also, Matter of Town of Greenburgh v Police Assn.,* 94 AD2d 771), the petitioner would

not be entitled to the benefit of chapter 134 of the Laws of 1997 even if that statute applied to him.

The Rockland County Police Act also conflicts with Civil Service Law § 75 (1) (e) (*see, Matter of Nieves v Haera, supra*; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown, supra*). In any event, the petitioner's reassignment fell within the hearing exception provisions of this statute and was permissible.

Further, the right to permanent appointment to a detective position under Civil Service Law § 59-a is triggered only when the local service commission classifies the position. Here, the position of "detective" has not been classified by the local civil service commission and the petitioner is not entitled to a permanent appointment under Civil Service Law § 59-a.

The petitioner's remaining contentions are without merit. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.