■ In the Matter of ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Appellant, v TOWN OF RAMAPO et al., Respondents. [725 NYS2d 96] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review appointments made by the respondent Town of Ramapo, of the six individual respondents as part-time police officers for the Town of Ramapo, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated January 6, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.

The Supreme Court erred in concluding that the proceeding is time-barred. CPLR 217 (1) provides that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." The proceeding in this case was commenced in July 1998, approximately one month after the appointments at issue were made. Contrary to the respondents' contention, the classification of the position of "police officer, part time" as "noncompetitive," which occurred in November 1961, did not trigger the Statute of Limitations. The petitioner became aggrieved by the appointments of the part-time police officers, not by the classification itself (*see, Matter of Twin State CCS Corp. v Roberts*, 72 NY2d 897; *Matter of Martin v Ronan*, 44 NY2d 374). The doctrine of laches is also not applicable in this case (*see, Philanz Oldsmobile v Keating*, 51 AD2d 437, 442).

Contrary to the respondents' contentions, the Rockland County Police Act (L 1936, ch 526 [Act]), rather than the Civil Service Law, is controlling. The Act was intended to supersede any general statute with regard to the establishment, organization, and operation of police departments in Rockland County (*see, Matter of Burbridge v Miele*, 214 AD2d 669).

The appointments of the six individual respondents violates the Rockland County Police Act. Section 3 of the Act provides, in relevant part, that "[n]o person shall be appointed a member of such police force unless he [or she] shall have passed an examination, held by the state civil service department, and unless at the time of his [or her] appointment his [or her] name shall be on the eligible list of the state civil service department." Section 10 of the Act further provides that "special police shall not be eligible to appointment unless they shall have passed an examination, held by the state civil service commission, and unless their names shall be on the eligible list of said commission at the time of their appointment." The respondents do not contest the petitioner's claim that the six individual respondents had not taken or passed an examination, and that their names were not on the eligible list of the state civil service commission at the time of their appointments.

In opposition to the petition, the County asserted that appointment of part-time officers through an examination is impractical. Accordingly, the matter is remitted to the Supreme Court, Rockland County, for a hearing and determination on the merits of the petition and the County's assertion that appointment of part-time police officers through a competitive examination is impractical. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.