■ In the Matter of FRANK MARINO, Respondent, v BRION TRAVIS, Appellant. [787 NYS2d 54]—

In a proceeding pursuant to CPLR article 78 to review a determination of Brion Travis, as Chairman of the New York State Division of Parole, dated April 9, 2002, which, after a hearing, denied the petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Queens County (Weiss, J.), dated March 11, 2003, which granted the petition, annulled the determination, and directed the petitioner's release on parole.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1997 the petitioner Frank Marino, a disbarred attorney in his mid-80s (*see Matter of Ehman,* 220 AD2d 145 [1996]), was convicted of two counts of grand larceny in the second degree arising from the systematic theft by him and his wife, as attorneys, of significant amounts of assets from friends and clients. He was sentenced to an indeterminate term of imprisonment of three to nine years. In January 2000, after the petitioner completed his minimum sentence and received a certificate of earned eligibility (*see* Correction Law § 805), he was denied release on parole by the New York State Division of Parole (hereinafter the Parole Board). The Parole Board stated, "[a]fter a careful review of your entire record and this interview, it is the determination of this Panel that if released at this time there is a reasonable probability that you would not live and remain at liberty without violating the law and your release at this time is incompatible with the welfare and safety of the community." That determination was reviewed in a proceeding pursuant to CPLR article 78 in 2001. This Court affirmed a judgment of the Supreme Court finding the Parole Board's determination to be irrational bordering on impropriety and remitting the matter to the Parole Board for a de novo hearing (*see Matter of Marino v Travis,* 289 AD2d 493 [2001]). The petitioner has now appeared before the Parole Board on three subsequent occasions. Each time, release on parole has been denied for the reasons stated above, without new or additional relevant evidence, or any other submission in support of the determination. There was evidence that the petitioner was placed in a work release program in which he successfully participated. The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the Parole Board's latest denial of release on parole. The Supreme Court, finding the determination was irrational bordering on impropriety, directed that the petitioner be released on parole. We affirm.

At oral argument, this Court was informed that during the pendency of this appeal, the petitioner was released to parole on

a subsequent application. Thus, because any determination by this Court will not affect the rights of the parties with respect to this controversy, the appeal would ordinarily be dismissed as academic (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707 [1980]). However, because the substantial issues presented are likely to recur, constituting an exception to the mootness doctrine, we reach the merits (*see id.*).

At the time of the determination under review, Correction Law § 805 provided in relevant part as follows: "an inmate who is serving a sentence with a minimum term of not more than six years and who has been issued a certificate of earned eligibility, shall be granted parole release at the expiration of his minimum term . . . unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society. Any action by the commissioner pursuant to this section shall be deemed a judicial function and shall not be reviewable if done in accordance with law." Correction Law § 805 was enacted as part of an omnibus bill addressing overcrowding in correctional facilities (*see* L 1987, ch 261; Pelgrin, Practice Commentaries, McKinney's Cons Laws of NY, Book 10B, Correction Law § 805 [2003 Pocket Part]). Upon review, judicial intervention with a Parole Board determination is warranted only upon a showing of irrationality bordering on impropriety (*cf. Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]; *see Matter, of Silmon v Travis,* 95 NY2d 470, 476 [2000]; *Matter of Richards v Travis,* 288 AD2d 604, 605 [2001]; *Matter of Thomas v New York State Div. of Parole,* 286 AD2d 393, 394 [2001]; *Matter of Heitman v New York State Bd. of Parole,* 214 AD2d 673 [1995]; Executive Law § 259-i).

As noted, we previously found that the Parole Board's determination was irrational bordering on impropriety. Consequently, the Parole Board should not thereafter have denied the petitioner release on parole based on the same reason without specifying new or additional relevant evidence in support of the determination. Rather, by the plain language and mandate of Correction Law § 805, the petitioner should have been released to parole.

The respondent's remaining contentions are without merit. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.