■ In the Matter of TOWN OF ORANGETOWN et al., Respondents, v ORANGETOWN POLICEMEN'S BENEVOLENT ASSOCIATION et al., Appellants. [796 NYS2d 626]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an employee disciplinary dispute, the Orangetown Policemen's Benevolent Association and Henry Reynolds appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 23, 2004, as, inter alia, and denied their cross motion to dismiss the petition, and (2) from a judgment of the same court dated July 8, 2004, which, upon the order, granted the petition and permanently stayed the arbitration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On or about November 13, 2003, Sergeant Henry Reynolds of the Town of Orangetown Police Department was informed by a letter from the Chief of Police that certain charges were being preferred against him. Reynolds demanded arbitration pursuant to article 15 of the collective bargaining agreement between the Town of Orangetown and the Orangetown Policemen's Benevolent Association, which covered Reynolds' employment. The Town of Orangetown and the Town Board of the Town of Orangetown brought the instant proceeding to permanently stay the arbitration. The Supreme Court, inter alia, granted the petition and permanently stayed the arbitration, finding that the Rockland County Police Act preempted disciplinary proceedings involving police officers from collective bargaining. We affirm.

The Rockland County Police Act is a "special law" which was neither repealed nor modified by the Civil Service Law, as contemplated by Civil Service Law § 76 (4) which provides that "[n]othing contained in section seventy-five or seventy-six of this chapter shall be construed to repeal or modify any general, special or local law or charter provision relating to the removal or suspension of officers or employees in the competitive class of the civil service of the state or any civil division." The

petitioners' statutory authority in the area of discipline of police officers is not subject to collective bargaining. This interpretation is supported by Rockland County Police Act § 14, as amended in 1946, which provides that: "Nothing in this chapter contained shall deprive any person or persons of any of the benefits of any other provisions of law unless the same shall be inconsistent with the provisions of this chapter, and no other provision of law which may be inconsistent shall prevent the operation of the provisions of this chapter" (L 1946, ch 941, § 1). Thus, in the face of a statute which by its terms preempts all inconsistent legislation, and which permits the petitioner to hear and/or to delegate hearings of disciplinary charges as they may prescribe, disciplinary proceedings involving members of town police departments in Rockland County are not subject to collective bargaining under the Taylor Law (*see* Civil Service Law § 200 *et seq.*; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown*, 149 AD2d 516, 518 [1989]; *Matter of Town of Greenburgh [Police Assn. of Town of Greenburgh]*, 94 AD2d 771 [1983]; *cf. Town of Matter of Mamaroneck PBA v New York State Pub. Empl. Relations Bd.*, 66 NY2d 722, 725 [1985]).

The parties' remaining contentions are without merit. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.