■ In the Matter of ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Appellant, v PATRICIA PRENDERGAST et al., Respondents. [807 NYS2d 405]—

In a hybrid proceeding pursuant to CPLR article 78 to annul the non-competitive permanent appointment of William Sherwood to the position of Chief of Police of the Town of Clarkstown, and action, inter alia, for a judgment, in effect, declaring that the appointment violated Rockland County Police Act § 4 (L 1936, ch 526, as amended by L 1946, ch 941) and the Merit and Fitness Clause of the New York State Constitution (NY Const, art V, § 6), the Rockland County Patrolmen's Benevolent Association, Inc., appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Rockland County (Kelly, J.), dated June 21, 2004, which, inter alia, denied those branches of the petition which were to annul the appointment and for a judgment declaring, in effect, that the appointment violated Rockland County Police Act § 4 and the Merit and Fitness Clause of the New York State Constitution (NY Const, art V, § 6).

Ordered that the judgment is modified, on the law, by deleting the provisions thereof denying those branches of the peti-

tion which were to annul the non-competitive permanent appointment of William Sherwood to the position of Chief of Police of the Town of Clarkstown and for a judgment, in effect, declaring that the appointment violated Rockland County Police Act § 4 and the Merit and Fitness Clause of the New York State Constitution (NY Const, art V, § 6), and substituting therefor provisions granting those branches of the petition; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the appointment violated the Rockland County Police Act § 4 and the Merit and Fitness Clause of the New York State Constitution (NY Const, art V, § 6).

Contrary to the respondents' contention, the instant appeal constitutes an exception to the mootness doctrine, as the substantive issues presented are likely to recur (*see Matter of Marino v Travis*, 13 AD3d 453, 455 [2004]; *Matter of Incorporated Vil. of Ocean Beach v Department of Health Servs., County of Suffolk*, 277 AD2d 453, 454 [2000]).

The Supreme Court erred in determining that the non-competitive permanent appointment of William Sherwood to the position of Chief of Police of the Town of Clarkstown, pursuant to Civil Service Law § 52, did not violate section 4 of the Rockland County Police Act (hereinafter the RCPA). The subject appointment did not comport with the procedural requirements of RCPA § 4, which provide, inter alia, that: "[n]otwithstanding any other special or general laws to the contrary, *such promotion examination shall be competitive examinations held by the state civil service commission regardless of the number of candidates eligible for such promotion*" (emphasis added).

The RCPA is a "special act which takes precedence over inconsistent provisions of the Civil Service Law" (*Matter of Burbridge v Miele*, 214 AD2d 669, 670 [1995]; *see Matter of Town of Orangetown v Orangetown Policemen's Benevolent Assn.*, 18 AD3d 879, 880-881 [2005], *lv granted* 5 NY3d 710 [2005]; *Matter of Steinmann v Village of Spring Val.*, 261 AD2d 548, 549 [1999]) and "was intended to supersede any general statute with regard to the establishment, organization and operation of police departments in Rockland County" (*Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Ramapo*, 283 AD2d 650, 651 [2001]).

Although Civil Service Law § 52 authorizes the non-competitive appointment of police officers for promotion, this provision is inconsistent with RCPA § 4, which requires competitive examinations. Therefore, RCPA § 4 is controlling (*see Mat-*

*ter of Burbridge v Miele, supra; Matter of Town of Orangetown v Orangetown Policemen's Benevolent Assn., supra; Matter of Steinmann v Village of Spring Val., supra).*

Civil Service Law § 56 (1) provides, in relevant part, that "[t]he duration of an eligible list shall be fixed at not less than one nor more than four years." However, inasmuch as RCPA § 4 does not explicitly address the expiration of eligible lists, Civil Service Law § 56 (1) is not inconsistent with RCPA § 4, and is, thus, controlling. Therefore, the Supreme Court erred in determining that Civil Service Law § 56 (1) was in conflict with, and was superseded by, RCPA § 4. The eligible list from which Sherwood was promoted was over four years old at the time of his appointment. Accordingly, the list had expired in accordance with Civil Service Law § 56 (1).

The Merit and Fitness Clause of the New York State Constitution (NY Const, art V, § 6) provides that employment and promotions "shall be made according to merit and fitness." "Civil Service Law § 56 has long governed the establishment and duration of eligible lists after competitive testing, which have become a key mechanism for fulfilling the merit and fitness mandate" (*Matter of City of New York v New York State Div. of Human Rights*, 93 NY2d 768, 772 [1999]).

Contrary to the respondents' contention, the subject promotion, which was based upon an expired eligible list, violated the Merit and Fitness Clause of the New York State Constitution (NY Const, art V, § 6; *see City of New York v New York State Div. of Human Rights, supra* at 774; *Matter of Deas v Levitt*, 73 NY2d 525, 529-531 [1989], *cert denied* 493 US 933 [1989]).

Accordingly, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that the subject promotion violated RCPA § 4 and the Merit and Fitness Clause of New York State Constitution (NY Const, art V, § 6; *see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions either have been rendered academic or are without merit. H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.